## RIESENBECK et v FORCHHEIMER

Ohio Common Pleas, Hamilton Co

Decided March 4, 1937

Nichols, Morrill, Wood, Mark & Ginter, Cincinnati, for plaintiffs.

Leon Strikman, Cincinnati, for defendant.

### OPINION

By SCHWAB, J.

This is an action by the plaintiff against the defendant on two promissory notes, one for $500.00 and the other for $557.00, both executed on July 29, in the year 1932, one due on September 27, 1932, and the other November 28, 1932.

To this petition the defendant has filed her answer, in which she admits the signing of the notes as set forth in the petition, and says that the notes were delivered to the plaintiff. for the express purpose of assisting plaintiffs in maintaining plaintiffs' credit with the auditors of the advertising association, and not to be used for any other purpose, and further that said notes were to be returned to the defendant.

The defendant likewise filed an amendment to the answer, in which she denies

that there was any consideration for the notes referred to in plaintiffs' petition.

This matter was submitted to the court without a jury and the court finds as a matter of fact that at the time of the execution of the notes in question the defendant was indebted to the plaintiffs for more than the face value of the notes.

Therefore, in the opinion of the court, there was ample consideration for the notes.

The other defense which the defendant seeks to interpose is that there was a conditional delivery of the notes, and under the provisions of §8121, GC, the defendant is not liable thereon.

Sec 8121, GC, reads as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect to it. As between immediate parties, and as regards a remote party, other than a holder in due course the delivery in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or endorsing, as the case may be. In such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But when the instrument is in the hands of a holder in due course, a valid delivery of it by all parties prior to him so as to make them liable to him, is conclusively presumed. And when the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

In support of this contention the defendant sought, over the objection of counsel for the plaintiffs, to introduce testimony to the effect that at the time the notes were signed and delivered by her to the plaintiffs, it was the agreement of the parties that the notes were to be used by the plaintiffs for the purpose of display to the auditors of the Midland Advertising Company, because at that time the account of the defendant was long overdue, and the notes given in payment thereof had not matured, and that after the examination by such auditors the notes would be returned to the defendant.

The question presented by this defense, in the opinion of this court, was disposed of in the case of **Roberts v Third National Bank of Sandusky, reported in 18 Oh Ap p. 185**. The syllabus of this case reads as follows:

"Upon a motion to set aside a judgment taken by a bank upon a cognovit note, without notice to the defendant, an answer tendered by the defendant which alleges that the note was executed to enable the bank to deceive the national bank examiner, and which, in order to establish the defense, would require the admission of parol testimony to vary the terms of a written contract, does not show a good and valid defense and does not justify the setting aside of the judgment."

In reaching the conclusion above stated the court referred to §8121, GC, as follows:

" 'In such case, the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.'

"The facts stated fail to show any conditional delivery, and the only thing that could be claimed for the defendant under this statute would be that the note was delivered for a special purpose only. But it will be noted that the statute as quoted contains the limitation that the conditional delivery or delivery for a special purpose can be shown when such delivery is not for the purpose of transferring the property in the instrument. Clearly the property in the instrument signed in the instant case was to pass to the bank. Otherwise it would be of no use to the bank and the purpose for which the instrument is said to have been executed would fail."

In the case at bar the court is of the opinion that the property in the notes in question passed to the plaintiffs, otherwise the purpose for which it is said that the notes were executed would fail.

Reaching this conclusion the court is of the opinion that the facts as disclosed by the evidence in this case do not come within the meaning of §8121, GC, and that the defense of a conditional delivery fails.

Accordingly judgment is rendered the plaintiffs as prayed for in the petition.